14

BEARD *v.* STANDARD COOSA THATCHER Co. *et al.*

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

Rehearing denied January 27, 1949.

STRANG, FLETCHER & CARRIGER, of Chattanooga, for plaintiff in error.

R. L. DENMAN, of Chattanooga, for defendants in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This case involves a lump-sum settlement approved by the trial judge under the Workmen's Compensation Law, Williams' Code, sec. 6851 et seq. Some months after the approval the petitioner filed a writ of error *coram nobis*, to which the defendants demurred for want of tender and on other grounds. The first demurrer of the defendants was sustained by the trial judge. Subsequently, the trial judge, over the protest of defendants, permitted the petitioner leave to file an amendment to his petition to include a tender of payment into court in the sum of $300, and overruled the defendants' demurrer to the amended petition. The defendants have perfected their appeal with the permission of the trial judge, in which they complain that he erred in permitting the petitioner to file an amendment to his petition and make a tender of payment, and that the demurrer should have been sustained and the suit dismissed.

The lump-sum settlement of $300 was attacked in the writ of error *coram nobis*, and it was sought to set aside this settlement on the ground of fraud and misrepresentation. The trial judge was of the opinion that he could properly allow the amendment which showed a tender of the amount paid under the settlement. This proceeding was brought under the Workmen's Compensation Law, and section 6901 of that Law declares the same "to be a remedial statute which shall be given an

equitable construction by the courts". The trial judge sustained the demurrer to the petition for the writ of error *coram nobis*, and we do not think it was error for the trial judge, in his discretion, to permit the amendment showing a tender of the lump-sum settlement.

On the hearing of this case the question has been raised as to the jurisdiction of this Court to hear the discretionary appeal granted herein by the trial judge.

Section 9038 of the Code provides: "The Chancellor or circuit judge may, in his discretion, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition, before the account is taken or the sale or partition is made; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to others."

Sections 8569 and 8802 of the Code are also applicable and provide:

8569. "The provisions of this Code, under the title devoted to the court of chancery, apply to all equitable proceedings in any other court."

8802. "The rules of practice of the chancery court apply to all cases in equity, or in the nature of equity, in all the judicial tribunals, unless otherwise expressly provided."

■ This proceeding, which undertakes to set aside the settlement for fraud, is an equitable proceeding in a law court, and therefore the discretionary appeal is permitted under Code, section 9038. Hence the appeal taken here was within the discretion of the trial judge.

We find no error in the judgment of the court below and it is affirmed.

All concur.